UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

RODGER RICKETTES,                                    12 CV 6427 (ILG) (SMG)

                 Plaintiff,        **SECOND AMENDED COMPLAINT**

     -against-                                     JURY TRIAL DEMANDED

THE CITY OF NEW YORK,
POLICE OFFICER VINCENT TURTON (TAX 942629),
POLICE OFFICER DANIEL REYES (TAX 940627),
POLICE OFFICER PATRICK O'CONNOR (TAX 937205),
POLICE OFFICER FELIX NG (TAX 944848)
POLICE OFFICER ANDERSON HENRY (TAX 938651),
and POLICE SERGEANT TSZ KWAN (TAX 935140),

               Defendants.
-------------------------------------------------------------------------X

     Plaintiff, RODGER RICKETTES, by and through his attorneys, **LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully

shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, RODGER RICKETTES, seeks relief for

   the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§

   1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the

   United States Constitution, and of rights secured under the laws and Constitution of the State

   of New York.  The plaintiff seeks damages, both compensatory and punitive, affirmative and

   equitable relief, an award of costs, interest and attorney's fees, and such other and further

   relief as this Court deems equitable and just.

1

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this

    being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3.  Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the

    United States Constitution and 42 U.S.C. § 1983.

4.  The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant

    to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus

    of operative facts that give rise to the federally based causes of action pleaded herein, and as

    against all parties that are so related to claims in this action within the original jurisdiction of

    this court that are formed as part of the same case or controversy.

### VENUE

5.  Venue herein is proper for the United States District Court for the EASTERN District of

    New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

### NOTICE OF CLAIM

6.  Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90

    days of the events complained of herein.  More than 30 days have elapsed since the filing of

    the Notice of Claim, and adjustment or payment thereof has been neglected or refused. That

    Plaintiff, pursuant to General Municipal Law 50(h) was produced for a statutory hearing and

    this action is commenced within one year and ninety days from the date the pendent claim

    herein accrued.

### JURY TRIAL DEMAND

7.  Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

2

## PARTIES

8.  Plaintiff RODGER RICKETTES is an adult male and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings.

9.  Defendant THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

11. POLICE OFFICER VINCENT TURTON (TAX 942629) is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area NYPD Command Center believed to be Transit Bureau District 32.  Defendant Turton was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK.  Defendant Turton was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.  Defendant Turton is sued

herein in his official and individual capacities.

12. POLICE OFFICER DANIEL REYES (TAX 940627) is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area NYPD Command Center believed to be Transit Bureau District 32.  Defendant Reyes was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK.  Defendant Reyes was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.  Defendant Reyes is sued herein in his official and individual capacities.

13. POLICE OFFICER PATRICK O'CONNOR (TAX 937205) is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area NYPD Command Center believed to be Transit Bureau District 32.  Defendant O'Connor was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK.  Defendant O'Connor was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.  Defendant O'Connor is sued herein in his official and individual capacities.

14. POLICE OFFICER FELIX NG (TAX 944848) is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area NYPD Command Center believed to be Transit Bureau District 32. Defendant Ng was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK. Defendant Ng was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant Ng is sued herein in his official and individual capacities.

15. POLICE OFFICER ANDERSON HENRY (TAX 938651) is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area NYPD Command Center believed to be Transit Bureau District 32. Defendant Henry was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK. Defendant Henry was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant Henry is sued herein in his official and individual capacities.

16. POLICE SERGEANT TSZ KWAN (TAX 935140) is and was at all times relevant herein, a

duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area NYPD Command Center believed to be Transit Bureau District 32. Defendant Kwan was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK. Defendant Kwan was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant Kwan is sued herein in his official and individual capacities.

## STATEMENT OF FACTS

17. On JULY 3, 2012, at approximately 1:30 a.m., (the "Arrest") plaintiff was lawfully present on a Metropolitan Transit Authority ("MTA") Number 2 Subway train ("2 Train") at or near the Franklin Avenue subway stop (the "Scene"), in the County of Kings, City and State of New York. The train was travelling from Manhattan further into Brooklyn.

18. Defendants Turton and Reyes were present on the train at this time.

19. Without any legal basis or justification for doing so, defendants Turton and Reyes approached plaintiff and demanded to see his identification.

20. The plaintiff was not engaged in any suspicious or illegal conduct and he complied with defendants' requests.

21. Although there was no legal or justification for doing so, the defendants searched plaintiff.

22. The search yielded no evidence of guns, drugs, or contraband.

23. Despite the absence of any evidence of wrongdoing on the part of the plaintiff, the

defendants ordered plaintiff to exit the train at the Franklin Avenue 2 Train subway stop.

24. Plaintiff complied with defendants requests.

25. On the subway platform, despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants hit plaintiff multiple times with their hands, fists, and NYPD-issued weapons, subjecting him to excessive force resulting in multiple serious and permanent personal injuries including, but not limited to, a broken right index finger.

26. Defendants maced plaintiff multiple times, and did so to an unreasonable and gratuitous extend such that their mace cans were emptied.

27. At no time did plaintiff resist arrest or otherwise engage in any threatening or violent activity.

28. The remaining defendants (Ng, Henry, Kwan, and O'Connor) arrived on the scene.

29. Despite the absence of any evidence of wrongdoing in the part of plaintiff and despite the evidence that plaintiff had been assaulted by defendants Turton and Reyes, defendant Ng applied excessively tight handcuffs to the plaintiff and formally arrested him.

30. Plaintiff was then taken by the defendants to a local area NYPD command center believed to be Transit Bureau District 32 where he was held for several hours.

31. Plaintiff was then taken to a local area hospital believed to be Kings County Hospital, where he received treatment for the injuries sustained at the hands of the defendants.

32. Plaintiff was then taken to Kings County Central Booking where he was held for several more hours.

33. Plaintiff was eventually arraigned on a criminal complaint sworn to, or made on the basis of, allegations given by defendant Turton.

34. Plaintiff was prosecuted over the course of several months pursuant to the false allegations supplied by defendant Turton and the other individually-named defendants before the charges

7

against him were resolved in his favor.

35. The factual allegations sworn to by the defendants against plaintiff to justify his arrest, detention, and arraignment were materially false and deliberately made to justify the illegal search, arrest, and excessive force perpetrated by the defendants against plaintiff.

36. It was objectively unreasonable for the defendants to arrest plaintiff, as there was no evidence that he had engaged in any unlawful conduct.

37. At no time prior to or during the encounter and/or arrest did there exist probable or otherwise legally sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

38. At no time did there exist any basis to use any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was reasonable, lawful, appropriate, or necessary.

39. At no time prior to or during the encounter was there sufficient legal cause to believe that plaintiff was engaged in any unlawful or suspicious activity.

40. At no time did any of the defendants take steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against plaintiff.

41. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein.

42. At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests without legal justification or excuse.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

43. Plaintiff RODGER RICKETTES repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44. By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of RODGER RICKETTES and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of the defendants, the defendants, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused plaintiff to be unlawfully subjected to excessive and unreasonable force and false arrest, and caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

45. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

9

**AS AND FOR A SECOND CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE**
**UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983**

46. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

47. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and the individuals defendants, had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including the individual defendants, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, batter and assault and sustain a false arrest, thereby permitting the defendants to be in a position to violate plaintiff's rights.

48. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline.  Defendant THE CITY OF NEW YORK is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences.   There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and

10

which are officially tolerated by defendant THE CITY OF NEW YORK.  Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

49. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

50. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

51. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, malicious prosecution, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

11

52. The aforementioned customs, practices, procedures, and rules of the City and the NYPD are listed below in the following, non-exhaustive list of unconstitutional actions:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c. Discouraging police officers from reporting the corrupt or unlawful acts of others;

    d. Retaliating against officers who report police misconduct; and

    e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

53. The existence of unconstitutional customs and policies, including those detailed herein, may be inferred from repeated occurrences of similar unconstitutional, illegal, and wrongful conduct, as documented in numerous civil actions, including, but not limited to, the following:

    a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

    b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c. *Zabala v. City of NewYork,* 37711/2010 (Sup. Ct. Kings Co.);

    d. *Ashe v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    e. *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f. *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

    g. *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (S.D.N.Y.);

    h. *Carmody v. City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i. *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

     j.   *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

54. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008

(E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anectodal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department.  Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

55. It is therefore axiomatic that the municipal defendant has not only tolerated, but actively

fostered a lawless atmosphere within the NYPD and that the City of New York was

deliberately indifferent to the risk the inadequate level of supervision would lead to the

violation of individuals' constitutional rights in general, and caused the violation of

plaintiff's rights in particular.

56. As a direct result of defendants' actions, plaintiff suffered a denial of his federal statutory

rights, constitutional rights and privileges. Such deprivations were in violation of the rights

secured to plaintiff, RODGER RICKETTES by the Fourth and Fourteenth Amendments of

the United States Constitution and by Title 42 U.S.C.A § 1983.

57. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality

and/or enjoyment of life, economic injury, psychological injury and emotional distress, great

humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR EXCESSIVE FORCE, FALSE ARREST,
### <u>FALSE IMPRISONMENT PURSUANT TO STATE LAW</u>

58. Plaintiff RODGER RICKETTES repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

59. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

60. At the aforementioned times and locations, plaintiff, RODGER RICKETTES was detained and held under the imprisonment and control of the defendants under false pretenses.

61. At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the Plaintiff, RODGER RICKETTES, without warrant, authority of law or probable cause therefore.

62. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining Plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining Plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining Plaintiff through the unlawful arrest of Plaintiff;

14

unlawfully detaining and confining Plaintiff through the use of force; unlawfully arresting Plaintiff and placing Plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiff.

63. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

64. That plaintiff was conscious of the confinement.

65. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

66. By the actions described above, the individual and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

67. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## <u>NEGLIGENCE</u>

68. Plaintiff RODGER RICKETTES repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

69. Defendants negligently caused injuries, emotional distress and damage to the plaintiff RODGER RICKETTES.  The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

70. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR AN FIFTH CAUSE OF ACTION
## NEGLIGENT HIRING, SCREENING, RETENTION,
## <u>SUPERVISION AND TRAINING</u>

71. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

72. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

73. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and

emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO**
**THE COMMON LAW OF THE STATE OF NEW YORK**
**VIA BATTERY**

74. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

75. Defendant, THE CITY OF NEW YORK, is vicariously liable to the plaintiff for the individually named defendants' common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

76. That by reason of the battery, the plaintiff was harmed physically by defendants Turton, Reyes, and Ng, while unlawfully detained, and that the plaintiff was otherwise harmed as a result of the individually named defendants' actions.

77. As a result of the foregoing, the plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**VIOLATION OF PLAINTIFF'S RIGHT UNDER**
**NEW YORK STATE LAW**
**VIA ASSAULT**

78. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

17

79. That on the aforementioned date, time and place, the defendants committed the tort of assault against the plaintiff by causing him to be in apprehension of imminent, harmful, and offensive touching and in so doing, the individually named defendants violated the laws and Constitution of the State of New York and otherwise violated the plaintiff's rights under New York Law.

80. The defendant, THE CITY OF NEW YORK, is vicariously liable to the plaintiff for the individually named defendants common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

81. That by reason of the aforesaid committed by the individually named defendants, the plaintiff suffered and continues to suffer physical injury and that he was otherwise damaged.

82. As a result of the foregoing, the plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

83. Plaintiff RODGER RICKETTES repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

84. Defendants negligently caused emotional distress and damage to the plaintiff RODGER RICKETTES.  The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

18

85. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

86. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION (1,000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 USC § 1988.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

   a.   Compensatory damages;

   b.   Punitive damages;

   c.   The convening and empanelling of  a jury to consider the merits of the claims herein;

   d.   Costs and interest and attorneys' fees;

   e.   Such other further relief as this court may deem appropriate and equitable.

Dated:  New York, New York
        July 9, 2013

                                 Respectfully submitted,

                                 **LAW OFFICES OF MICHAEL S.**
                                 **LAMONSOFF, PLLC**
                                 *Counsel for the Plaintiff*

                                        /s/

                          By:    JESSICA MASSIMI, Esq. (JM-2920)
                                 80 Maiden Lane, 12th Floor
                                 New York, New York 10038
                                 (212) 962-1020

                                 19